IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carl Dante Johnson, #354452, | ) | C/A No.: 1:15-4942-RMG-SVH |
| | ) | |
|                     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Director Bryan P. Stirling[1] and Cpl. Harold Campbell, | ) ) | |
| | ) | |
|                     Defendants. | ) | |
| | | |
| Garren Norris, #281530, | ) | C/A No.: 1:15-4961-JFA-SVH |
| | ) | |
|                     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Director Bryan P. Stirling and Cpl. Harold Campbell, | ) ) | |
| | ) | |
|                     Defendants. | ) | |
| | | |
| Quinton Inman, #298283, | ) | C/A No.: 1:15-4962-JMC-SVH |
| | ) | |
|                     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Director Bryan P. Stirling and Cpl. Harold Campbell, | ) ) | |
| | ) | |
|                     Defendants. | ) | |

---

[1] Director Bryan P. Stirling was improperly identified as Director Bryan P. Sterling in Plaintiffs' Complaints. The Clerk of Court is directed to change the captions to reflect his proper name.

1

## ORDER DENYING CONSOLIDATION AND CLASS ACTION STATUS

Carl Dante Johnson, Garren Norris, and Quinton Inman ("Plaintiffs") are inmates at the McCormick Correctional Institute of the South Carolina Department of Corrections ("SCDC"). Each plaintiff individually filed a pro se action against Director Bryan P. Stirling ("Director Stirling") and Cpl. Harold Campbell ("Cpl Campbell") (together, "Defendants") for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983: *Johnson v. Stirling*, C/A No. 1:15-4942-RMG-SVH ("*Johnson*"), *Norris v. Stirling*, C/A No. 1:15-4961-JFA-SVH ("*Norris*"), and *Inman v. Stirling*, C/A No. 1:15-4962-JMC-SVH ("*Norris*"). These cases come before the court on Plaintiffs' motions for joinder and class action status. [ECF Nos. 23 in *Johnson* and *Norris*; ECF Nos 20 in *Inman*]. For the reasons that follow, the undersigned denies the motions.

I.      Factual and Procedural Background

Plaintiffs allege in their complaints that on June 29, 2015, they were among 13 inmates being transported to Kirkland Correctional Institution in a SCDC bus when Cpl. Campbell intentionally slammed on the breaks of the bus when some inmates refused to sit down. Plaintiffs allege that during the incident, they suffered medical injuries that were ignored by Cpl. Campbell. Plaintiffs assert that Director Stirling is the executor of an SCDC policy that excludes seatbelt requirements for transportation buses and that being shackled and unsecure are serious risks to inmate health. Plaintiffs request the court enjoin the transport of inmates on SCDC buses without seatbelts. Defendants deny the allegations.

II.     Discussion

On February 25, 2016, Plaintiffs filed identical motions for joinder and class action status pursuant to Fed. R. Civ. P. 20(a) and 23(a) to join these three actions together, along with a fourth case pending before another Magistrate Judge, *Chisolm v. Campbell et al*, C/A No.: 4:15-4943-RBH-TER ("*Chisolm*"), or, in the alternative, to grant Plaintiffs and Chisolm class action status. Defendants oppose the motion.

A review of Plaintiffs' complaints reveals similar, but varying factual allegations, including different allegations of specific injuries each allegedly sustained. Because each plaintiff has filed an action, a motion for joinder under Fed. R. Civ. P. 23 is inapplicable. Instead, it appears that Plaintiffs wish to invoke Fed. R. Civ. P. 42(a)(2) to consolidate their pending separate actions on account of a common question of law or fact.

Generally, a court may consolidate actions involving a "common question of law or fact." Fed. R. Civ. P. 42(a)(2). Before consolidating the actions, the court must weigh the prejudice that will result to the parties and the risks of possible juror confusion. *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); *see also* Fed. R. Civ. P. 42(b) (stating that a court may order a separate trial "to avoid prejudice, or to expedite and economize.").

Although Plaintiffs' cases allegedly involve the same incident, Plaintiffs necessarily suffered different alleged injuries. The court has issued scheduling orders in each case, with different discovery and dispositive motions deadlines. Even if there is commonality in the complaints as to Cpl. Campbell allegedly slamming on the breaks of an SCDC bus and as to some of the relief requested, that commonality is outweighed by

3

the risk of prejudice to Defendants in facing a potential consolidated trial and a jury finding Defendants liable in the same respect to Plaintiffs and awarding duplicative or increased damages. Further, the delay that would be caused by the extension of the scheduling order deadlines does not weigh in favor of judicial economy.

As to Plaintiffs' request pursuant to Fed. R. Civ. P. 23 for class action status, they have failed to meet their burden of proving the prerequisites thereunder. Independently, prisoners are prohibited from bringing a class action on behalf of other prisoners. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (*pro se* litigant cannot adequately represent a class); *Lewis v. City of Trenton Police Dept.*, 175 F. App'x 552, 554 (3d Cir. 2006)(same). *Cf. Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for other prisoners). In fact, the original complaint in *Chisolm* reflected Chisolm's attempt to file a class action on behalf of himself, Plaintiffs, and another inmate, Bradley Bunn. *See* ECF No. 1 in *Chisolm*. Magistrate Judge Rogers denied Chisolm's attempt at class certification. *Id. at* ECF No. 7. Similarly, the court denies class certification status to Plaintiffs.

For the foregoing reasons, the court denies Plaintiffs' motions for joinder and class action status [ECF Nos. 23 in *Johnson* and *Norris*; ECF No. 20 in *Inman*].

IT IS SO ORDERED.

*Shiva V. Hodges*

May 12, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge